Defendant has petitioned for a rehearing. It is first contended that this court erred in construing the terms of the alleged oral agreement. Attention is called to the following statement in the opinion:
"The construction most favorable to the defendant, of the evidence adduced is that at the time the sales contract was executed the plaintiff represented to him that it had a lease for the building in question for a term of five years at an agreed rental of $200 per month; and that it was orally agreed between the parties that the plaintiff would transfer this lease to the defendant or sublet the premises to him for the same term, and at the same rental, as that stipulated in the lease."
And it is asserted that this statement is not warranted by the evidence. It is said that the oral agreement between the parties was one whereby the plaintiff agreed to procure from the owner of the building a lease therefor, for a five year term at a rental of $200 per month, running directly to the defendant as lessee. We have again reviewed the evidence, and find no reason to depart from the statement made in the former opinion. It will be noted that we did not say that the construction there given to the evidence was the only one of which it was susceptible, or even that it was the most reasonable one. What we did say was that that construction is the one "most favorable to the defendant," and we still are of that view. In fact we believe that it is the only construction which affords the slightest basis for a claim that there was any agreement between the plaintiff and defendant at all. If the evidence be construed as establishing an agreement *Page 891 
for the performance of service, or no agreement at all, then we are all agreed that the evidence, even if admissible, wholly fails to establish any agreement on the part of the plaintiff at all; that it establishes merely an individual agreement on the part of the agent who represented the plaintiff to bring the owner of the building to the defendant so as to enable defendant to make his own deal with him, and that the agent performed this agreement.
It is next contended that, in any event, the court was in error in holding the alleged oral agreement to be within the statute of frauds. In support of this contention it is said that the statute of frauds was not invoked in any manner in the trial court, and, hence, is not available here. The contentions thus advanced were not overlooked by us in determining the cause. On the contrary they were carefully considered. The oral contract in controversy here was set forth by defendant in his answer, by way of defense,
and not as a counterclaim. Defendant specifically asserted that the new matter so alleged in his answer constituted a defense. Plaintiff accepted the theory thus adopted by the defendant, and interposed no reply. The case was tried in the court below, and submitted in this court, on the theory that the new matter in the answer constituted a defense only, and that no reply was necessary. Inasmuch as the answer did not contain a counterclaim, no reply was necessary. Comp. Laws, 1913, §§ 7467-7477. But the new matter set forth therein became, and was, controverted "as upon a direct denial or avoidance by operation of law and the plaintiff might prove in response thereto any fact by way of denial or of confession and avoidance." Comp. Laws, 1913, §§ 7467-7477; Moores v. Tomlinson, 33 N.D. 638, 642, 157 N.W. 685. Hence, where, as in this case, new matter is set forth in an answer, to which the statute of frauds is an appropriate reply, the statute is pleaded by operation of law.
And while it is true the objections made by plaintiff's counsel to the introduction of evidence did not specifically assert that the contract which plaintiff sought to prove was within the statute of frauds, they did assert specifically and emphatically that such agreement might not be established by parol evidence and that the proffered parol evidence was incompetent and inadmissible to establish it. The defendant in this case demanded a trial anew in this court and this removed *Page 892 
the entire record here for trial de novo. Hoellinger v. Hoellinger, 38 N.D. 636, 645, 166 N.W. 519. Hence, this court is required to try the case anew and consider not only the admissibility and competency of the evidence but the weight thereof and to decide the facts independently of the trial court's findings (although such findings when based upon oral testimony are entitled to and given some weight). Merchants Nat. Bank v. Collard, 33 N.D. 556, 157 N.W. 488.
In our opinion the evidence sought to be introduced by the defendant to establish the alleged oral agreement was inadmissible for the reasons stated in the former opinion; and, as indicated both in that opinion and in this, we are further of the mind that the evidence, if admissible, was and is wholly insufficient to establish a contract such as defendant claims was made.
Rehearing denied.
CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, JOHNSON, and NUESSLE, JJ., concur.